27 C.C.P.A.(Patents)

**BELLAMY et al. v. SNAVELY et al.**
**Patent Appeal No. 4312.**

Court of Customs and Patent Appeals.
April 1, 1940.

Charles M. Candy, of Chicago, Ill., for appellants.

R. H. Wood, of Swissvale, Pa. (Richard Eyre, of New York City, and R. H. Wood, of Swissvale, Pa., of counsel), for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appellants have here appealed from the decision of the Board of Appeals of the United States Patent Office, reversing the decision of the Examiner of Inter-

ferences, and awarding priority of the invention defined in the four counts involved to the appellees. The parties hereto will hereinafter be referred to in the singular as Bellamy and Snavely, respectively.

The invention involved in both of the applications which are here under consideration relates broadly to electrical indicating signals. Bellamy's application, filed July 15, 1929, is for improvements in transmitting and receiving systems and relates particularly to a transmitting and receiving system suitable for handling information regarding the selling prices of stocks. The application of Snavely, filed May 18, 1931, relates to remote control systems for controlling the switches, signals, etc., necessary for safely controlling railroad traffic. Bellamy is the senior party and Snavely the junior party.

Each of the systems involves various units such as switch boards, transmitters and receivers which are worked in connection with switches, delivery and range relays, a number of circuits, etc. Both systems comprise highly technical electrical subject matter, a full description of which is here impracticable and would be of little value. As far as the issues here are involved, the counts, together with what has hereinbefore been said, sufficiently describe the particular invention involved.

Claims corresponding to the counts at bar, including others which are not involved here, first appeared in the Snavely application and were copied into the Bellamy application for interference purposes. This interference is an outgrowth of interference 73,404 which involved the present Snavely application and an application of one Wicks. The Wicks application and the Bellamy application were commonly owned. In that interference, the Bellamy application was substituted for the Wicks application as to the present counts. In opposing said substitution of the Bellamy application, the party Snavely took the position that Bellamy was not entitled to make the counts and that is the contention which was presented to the board and is presented here.

All the counts are quite similar. Count 1 is illustrative and follows: "1. In a remote control system of the code type, transmitting means for delivering codes made up of elements of different characters arranged in a predetermined sequence, a series of delivery relays, means responsive to certain elements of said code for preparing circuits for a plurality of said delivery relays, means for registering the characters of certain other elements of the code, means responsive to the last element of the code for completing the circuit for a particular one of said prepared circuits to operate the corresponding delivery relay, a plurality of sets of indication devices one set for each delivery relay, and each set containing a device corresponding to an individual portion of said registering means, and means effective when any delivery relay is operated to place each of a plurality of the individual devices of the associated indication means simultaneously under the control of the corresponding portion of said registering means."

The board points out that there are but two limitations involved in determining the sole question presented which goes to the right of Bellamy to make the claims corresponding to the counts. The two elements of the counts involved are: "means responsive to the last element of the code for completing the circuit *for a particular one of said prepared circuits* to operate the corresponding delivery relay" [Italics ours] and *"means effective when any delivery relay is operated to place* each of a plurality of the individual devices of the associated indication means simultaneously under the control of the corresponding portion of said registering means." [Italics ours]

The last-quoted limitation is found in all the counts except count 2.

As before stated, the board reversed the decision of the Examiner of Interferences (who had made a pro forma judgment on the record) and in effect reversed the decision of the Primary Examiner who had held that Bellamy's disclosure supported the counts in respect to the two controverted limitations.

Snavely in this court suggests that the counts in respects other than those concerning the two limitations above referred to are not supported by the Bellamy disclosure. The board passed upon no such contentions and the reasons of appeal here do not specifically raise any question except those presented with reference to the said two limitations above quoted. In view of our conclusion as to the first limitation it is not necessary for us to consider the second.

It will be noticed that the first limitation reads: "means responsive to the last element of the code for completing the circuit *for a particular one of said prepared circuits* to operate the corresponding delivery relay." [Italics ours]

In holding that the Bellamy disclosure did not support this limitation the board said:

"In the Bellamy et al. construction it is contended that one of the relays, such as 1051, satisfies the requirements of the count with respect to the means for completing a particular one of the prepared circuits * * *. As appellants point out, relay 1051 is one of a series and operates simultaneously with the others of the series. An apt description of this feature of the Bellamy et al. construction might read: 'means responsive to the last element of the code for completing the circuit of a particular group of said prepared circuits,' but we agree with appellants that it requires a strained interpretation to find, in the Bellamy et al. disclosure, any means wherein a particular one of certain prepared circuits *is completed.*

"In our opinion the mere selection of a subgroup from a larger group is not the selection of a particular one. * *"

The Primary Examiner in considering this limitation said:

"Claim 123 [count 1] has been opposed by the Union Company [Snavely's assignee] as not readable on the Bellamy application Serial No. 378,208 on the ground that Bellamy does not show: 'means responsive to the last element of the code for completing the circuit for a *particular one* of said prepared circuits to operate the corresponding delivery relay'.

"The disclosure of Bellamy has been fully discussed in the briefs of the Union Company. The underlined portion of this quoted portion does not require that *only one* delivery relay be operated but merely that a particular one is operated which does not preclude the operation of other delivery relays. The relay is particular since there are other sets such as 1052, 1053, etc. in the hundreds. Each set comprises an indicator means such as shown in Fig. 19 of Bellamy. *. * *"

We are in agreement with the decision of the board that to hold with Bellamy in his contention with respect to this limitation would be giving the language a strained interpretation. We are asked to hold that selecting a particular range relay, which particular relay simultaneously controls all the relay magnets of its group, is the same thing as "completing the circuit for a particular one of said prepared circuits." Surely, the selection of a *group* which may involve a particular one of the group is not equivalent to selecting the *particular one*, and to hold that the language reads on the Bellamy disclosure would in our judgment unnecessarily distort its plain meaning. It had no such meaning in the Snavely application and we think it should be given no such meaning in the decision of the issue involved.

As to the second limitation which the board passed upon, and the other limitations which Snavely here claims are not found in the Bellamy disclosure, we find it unnecessary to discuss them except that we may say that they illustrate the fact of the wide difference between the two systems involved, and that while it must be conceded that the language of the counts, which first appeared in the Snavely application, aptly and accurately describes his device, it does not so describe the Bellamy structure.

We are in agreement with the decision of the board that the counts are not supported by the Bellamy disclosure and that priority of invention involved therein was properly awarded to Snavely. The decision of the Board of Appeals is affirmed.

Affirmed.